UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Paul John Malagoli,

              Plaintiff,

    –v–

AXA Equitable Life Insurance Company *et al.*,

              Defendants.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAR 24 2016

14-CV-7180 (AJN)

MEMORANDUM AND ORDER

ALISON J. NATHAN, District Judge:

    Plaintiff Paul Malagoli ("Malagoli") filed this action under the Employee Retirement Income and Security Act of 1974 ("ERISA") on September 5, 2014. Dkt. No. 2. On October 20, 2015, Malagoli filed a Second Amended Complaint adding new defendants. Dkt. No. 56. On November 23, 2015, Defendant AXA Equitable Life Insurance Company ("AXA") moved to transfer the case to the District of New Jersey pursuant to 28 U.S.C. § 1404 and a forum selection clause. Dkt. No. 63. For the reasons articulated below, that motion is GRANTED.

## I.    BACKGROUND

    Malagoli contracted with AXA in 2003 to "allow[] [him] to receive retirement benefits while . . . [continuing] to receive commissions, fees . . . , and additional compensation." Sec. Am. Comp. ¶ 2. Alleging that AXA breached that agreement in October 2012, Malagoli filed suit in the Southern District of New York in 2014. Dkt No. 2. AXA moved to transfer venue to the District of New Jersey based on a forum selection clause in its retirement plan ("the Plan") requiring that any action challenging the Plan "be brought in the United States District Court of New Jersey." Dkt. No. 65 Ex. A § 8.12(b). This provision was added to the Plan in October 2011. *Id.* Malagoli argues that this provision is not enforceable against him.

1

## II. DISCUSSION

"[A] forum-selection clause may be enforced by a motion to transfer under § 1404(a)." *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 575 (2013). When enforcing a forum selection clause, the Court should not conduct the typical § 1404(a) analysis. *Id.* at 581. Instead, "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id.* (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)). Malagoli advances three arguments as to why the forum selection clause at issue is *in*valid and should thus not be enforced.

### A. Conflict with ERISA

Malagoli first argues that the forum selection clause is invalid because it conflicts with ERISA's special venue provision. That statute provides that an ERISA action "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). The Plan's forum selection clause, however, requires that "as of January 1, 2012, an Action [related to the Plan]. . . may only be brought in the United States District Court of New Jersey." Dkt. No. 65 Ex. A § 8.12(b). Relying on *Boyd v. Grand Trunk W. R.R. Co.*, 338 U.S. 263 (1949), Malagoli argues that "when a federal law specifically grants a plaintiff the right to choose venue from a set of options, the plaintiff has a 'substantial right' in his choice of forum that a defendant may not defeat by relying on a more restrictive forum-selection clause in a contract." Opp. Br. at 3.

Malagoli correctly notes that "[a] contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972) (citing *Boyd*, 338 U.S. 263). In essence, he argues that forum

2

selection clauses in the ERISA context are *per se* invalid because they contradict the public policy evinced by ERISA's special venue provision. The vast majority of courts to consider this argument, including at least one court in this district, have rejected it. *See Smith v. Aegon Cos. Pension Plan*, 769 F.3d 922, 931 & n.8 (6th Cir. 2014) (collecting cases), *cert. denied*, 136 S. Ct. 791 (2016); *Klotz v. Xerox Corp.*, 519 F. Supp. 2d 430, 435-36 (S.D.N.Y. 2007) (Lynch, J.) (same).

Malagoli's argument relies heavily on *Boyd*, which held that the venue provision in the Federal Employers' Liability Act prohibited forum selection clauses. *See* 338 U.S. at 266. The decision in *Boyd* rested on the Court's conclusion that forum selection clauses "would thwart the express purpose of the Federal Employers' Liability Act." *Id.* However, "nothing in ERISA's statutory text or legislative history evinces any intent by Congress to preclude private parties from limiting venue to one of the three forums permitted by the statute." *Klotz*, 519 F. Supp. 2d at 436 (Lynch, J.); *see also Price v. PBG Hourly Pension Plan*, No. 12–15028 (TLL), 2013 WL 1563573, at *2 (E.D. Mich. Apr. 15, 2013) ("Congress provided that an action *may* be brought in several venues. Congress did not provide that private parties *cannot* narrow the options to one of these venues."). Malagoli has not directed the Court's attention to any evidence to the contrary. As a result, the Court rejects Malagoli's argument that all forum selection clauses in the ERISA context are *per se* invalid.

This conclusion, however, does not fully resolve the question of the enforceability of this particular forum selection clause, which designates the District of New Jersey as the mandatory forum. Dkt. No. 65 Ex. A § 8.12(b). Neither party addresses whether or not New Jersey is "one of the three forums [otherwise] permitted by" § 1132(e)(2). *Klotz*, 519 F. Supp. 2d at 436. The question of whether an ERISA forum selection clause may designate a forum *other* than those

3

permitted by § 1132(e)(2) is a more difficult question than whether all forum selection clauses in the ERISA context are *per se* invalid.[1] Because Malagoli did not raise this particular argument in his opposition to AXA's motion to transfer venue, however, the Court deems it waived and assumes without deciding that such a forum selection clause is enforceable. As a result, the Court concludes that the forum selection clause requiring Malagoli to bring suit in the District of New Jersey is not invalid in the face of ERISA's special venue provision.

B.     **Vested Right**

Malagoli next argues that his interest in choosing a venue is a right that vested upon his retirement in January 2004. Opp. Br. at 5. As a result, Malagoli argues, the October 2011 amendment adding the forum selection clause is not effective against him. Opp. Br. at 5-6. Insofar as this argument is predicated on a "substantial right" in one's choice of forum, it overlaps considerably with Malagoli's previous argument. To extent that this argument is distinct, it fails for reasons articulated by Malagoli himself. A benefit under an employee benefit plan only "becomes 'vested' if the employer has promised not to amend or terminate it." Opp. Br. at 6 (quoting *Feifer v. Prudential Ins. Co. of Am.*, 306 F.3d 1202, 1211 (2d Cir. 2002)). AXA made no such promise with respect to the forum selection provision. *See* Dkt. No. 65 Ex. A § 10.6 ("Equitable reserves the right in its discretion to make from time to time any amendment or amendments to this Plan."); art. XI ("Equitable hereby reserves the right to

---

[1] The Sixth Circuit noted that "even if the venue selection clause laid venue outside of the three options provided by § 1132, the venue selection clause would still control." *Smith*, 769 F.3d at 932. In doing so, the Sixth Circuit analogized to enforcing mandatory arbitration clauses in ERISA cases. *Id.* ("It is illogical to say that, under ERISA, a plan may preclude venue in federal court entirely, but a plan may not channel venue to one particular federal court."). This Court is wary of the analogy to arbitration in ERISA cases given the clear "federal policy favoring arbitration agreements." *Harrington v. Atl. Sounding Co.*, 602 F.3d 113, 121 (2d Cir. 2010) (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 35 (1991)); *see also Trustees of Wash. State Plumbing & Pipefitting Indus. Pension Plan v. Tremont Partners, Inc.*, No. 10-CV-0255 (TPG), 2012 WL 3537792, at *3 (S.D.N.Y. Aug. 16, 2012) ("[T]he enforcement of an arbitration agreement, in view of the very favorable attitude of the federal judiciary toward arbitration, involves something different from carrying out a forum selection clause . . . .").

terminate, or to partially terminate, the Plan at any time for any reason in accordance with the provisions of this Article."). Because AXA reserved the right to make certain amendments to the Plan, Malagoli did not have any vested rights in a choice of forum as of January 2004 and the forum selection clause is thus not invalid on that ground.

### C.     Notice

Finally, Malagoli argues that the forum selection clause is unenforceable against him because AXA did not notify him of the October 2011 amendment as required by ERISA. Under ERISA, Plan administrators must send to each participant a summary plan description ("SPD") "every fifth year," 29 U.S.C. § 1024(b)(1), and must also send a summary of material modifications ("SMM"), *see id.* § 1022(a), "not later than 210 days after the end of the plan year in which the change is adopted." *Id.* § 1024(b)(1). Malagoli asserts that he received neither the required SPD nor the required SMM regarding the addition of the forum selection clause and that Defendants did not take adequate steps to ensure the delivery of those materials. As a result, Malagoli argues, the forum selection clause is not effective against him. Opp. Br. at 6-10.

Under ERISA, an administrator must "make reasonable efforts to ensure each plan participant's receipt of the plan documents." *Weinreb v. Hosp. for Joint Diseases Orthopaedic Inst.*, 404 F.3d 167, 170 (2d Cir. 2005) (quoting *Leyda v. AlliedSignal, Inc.*, 322 F.3d 199, 208 (2d Cir. 2003)). The relevant regulation clarifies that the SPD and SMM "must be sent by a method or methods of delivery likely to result in full distribution" and that the "administrator shall use measures reasonably calculated to ensure actual receipt of the material by plan participants." 29 C.F.R. § 2520.104b–1(b)(1)); *see also Leyda*, 322 F.3d at 208. Under these regulations, a defendant can meet its burden of showing reasonable efforts to send notice even if

5

a plaintiff credibly alleges that he did not actually receive such notice. *See Watson v. Consol. Edison of New York*, 645 F. Supp. 2d 291, 298 (S.D.N.Y. 2009) (Rakoff, J.) (collecting cases).

Here, AXA concedes that the October 2011 amendment constituted a material modification of the Plan but argues that it "use[d] measures reasonably calculated to ensure actual receipt of the [SMM] by plan participants." 29 C.F.R. § 2520.104b–1(b)(1)). The Court agrees. AXA has produced a checklist and several declarations detailing the steps that were taken in mailing the SMM to participants. *See* Dkt. No. 65 Ex. C at 3-4; Dkt. No. 67; Dkt. No. 68. Those documents indicate that the mailing process started from an Excel spreadsheet listing all 29,125 Plan participants. Dkt. No. 67 ¶ 6; Dkt. No. 65 Ex. D. Malagoli's mailing address is included in the spreadsheet, Dkt. No. 65 Ex. D at 194, and Malagoli concedes that this information is accurate. *See* Opp. Br. at 9. AXA then merged the SMM letter with the Excel spreadsheet, printed the letters, and assembled the letters in printed envelopes. Dkt. No. 65 Ex. C at 3-4. AXA's Certificate of Bulk Mailing confirms that 29,125 pieces of mail were sent via First Class Mail on December 27, 2011. *Id.* at 2. Employees have attested that the 29,125 pieces of mail sent on December 27, 2011 were the SMMs sent to the 29,125 Plan participants listed in the Excel spreadsheet. Dkt. No. 67 ¶ 6. From this information, the Court is satisfied that Defendants' sent Malagoli a copy of the SMM via First Class Mail, a method of delivery specifically authorized by regulation. *See* 29 C.F.R. § 2520.104b-1(b)(1) ("Material distributed through the mail may be sent by first, second, or third-class mail."). As a result, the Court concludes that the forum selection clause is not invalid due to improper notice under ERISA.[2]

---

[2] Malagoli does not argue that the forum selection clause was not "reasonably communicated" under the test set out by the Second Circuit in *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007), but instead argues only that he did not received the notice required by ERISA. Opp. Br. at 6-10. The Court thus need not determine whether a forum selection clause may be "reasonably communicated" within the meaning of *Phillips* if an ERISA Plan administrator "use[d] measures reasonably calculated to ensure actual receipt . . . by plan participants," 29 C.F.R. § 2520.104b–1(b)(1)), but a participant did not actually receive said notice.

## III. CONCLUSION

For the foregoing reasons, the Court concludes that the forum selection clause is enforceable against Malagoli and AXA's motion to transfer venue is GRANTED. The Clerk of Court is directed to transfer this case accordingly.

SO ORDERED.

Dated: March 24, 2016
       New York, New York

_____
ALISON J. NATHAN
United States District Judge