USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAY 09 2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Paul John Malagoli,

        Plaintiff,

–v–

AXA Equitable Life Insurance Company *et al.*,

        Defendants.

14-CV-7180 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    Plaintiff Paul Malagoli ("Malagoli") moves for reconsideration of the Court's March 24, 2016 Memorandum and Order granting the motion to transfer venue filed by Defendant AXA Equitable Life Insurance Company ("AXA"). Dkt. No. 74. For the reasons articulated below, that motion is denied.

## I. BACKGROUND

    The background of this case is fully set forth in the Court's Memorandum and Order dated March 24, 2016. Dkt. No. 73. The Court assumes familiarity with this material.

## II. DISCUSSION

    In his original motion papers, Malagoli argued that the forum selection provision in question was unenforceable against him because AXA failed to properly notify him of the October 2011 Amendment adopting the provision as required by ERISA.[1] Dkt. No. 70 at 6-7. The Court held that AXA had complied with its obligations under ERISA to "use measures reasonably calculated to ensure actual receipt" of the December 2011 summary of material

---

[1] As the Court noted in its March 24, 2016 Memorandum and Order, Malagoli did not challenge notice of the forum selection provision under *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007). Dkt. No. 73 at 6 n.2.

1

modifications ("SMM") containing a description of the October 2011 Amendment. Dkt. No. 73 at 6 (quoting 29 C.F.R. § 2520.104b-1(b)(1)).

Malagoli now moves for reconsideration on the ground that the Court ignored Defendants' separate failure to send a summary plan description ("SPD") describing the October 2011 Amendment. Br. at 6; *see also* Dkt. No. 70 at 10 (arguing that Defendants "failed to demonstrate that the plan administrators used methods reasonably calculated to ensure actual receipt of the SPD for the 2011 venue provisions . . . in the time-frame required by ERISA."). This argument is without merit. Under ERISA, a plan administrator must send an SPD "every fifth year," and that document must "integrate[] all plan amendments made within such five-year period." 29 U.S.C. § 1024(b)(1). Prior to the October 2011 Amendment, AXA had issued an SPD in December 2009. *See* Dkt. No. 66 Ex. 1. As a result, AXA was not obligated to send an SPD detailing the October 2011 Amendment until December 2014. *See* 29 U.S.C. § 1024(b)(1). Malagoli concedes that he received "an SPD that contained the 2011 modifications" in June 2014, Br. at 6, but argues that this occurred "in the course of this litigation." Rep. Br. at 6. Because Malagoli was not legally entitled to an SPD describing the October 2011 Amendment until December 2014, it is irrelevant that the document was provided to him in June 2014 "in the course of litigation."[2] As a result, his argument that he did not receive an SPD containing the October 2011 amendment "in the time-frame required by ERISA," Dkt. No. 70 at 10, lacks merit and his motion for reconsideration on that basis is denied.

---

[2] Malagoli also notes that he did not receive any of the earlier SPDs issued through December 2009. Rep. Br. at 6. The fact that Malagoli did not receive SPDs predating the October 2011 Amendment is irrelevant to his argument that the forum selection provision is unenforceable against him because he did not receive notice of that specific amendment as required by ERISA.

2

## III. CONCLUSION

For the foregoing reasons, Malagoli's motion for reconsideration is denied. This resolves Dkt. No. 74. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: May 9, 2016
       New York, New York

_____
ALISON J. NATHAN
United States District Judge